**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-233

**AVODAH FARMS**, a Colorado nonprofit corporation, and
**KEENAN FITZPATRICK**, an individual
Plaintiffs,

v.

**DEBORAH O'HARA-RUSCKOWSKI**,
Individually, and in a representative capacity
for **ORDER OF MALTA, AMERICAN ASSOCIATION, U.S.A.,** a Delaware
limited liability company, **ORDER OF MALTA, WESTERN ASSOCIATION**,
**U.S.A.** a California nonprofit corporation,
and **ORDER OF MALTA WORLDWIDE RELIEF MALTESER INTERNATIONAL AMERICAS, INC.**, a Delaware foreign
nonprofit corporation.

Defendants.

---

**UNOPPOSED MOTION FOR LEVEL 1 RESTRICTION OF D.E. 1**

---

COME NOW Plaintiffs, Avodah Farms, a Colorado nonprofit corporation, and Keenan Fitzpatrick, individually, by and through counsel, Messner Reeves, LLP, and submit their Unopposed Motion For Level 1 Restriction of D.E. 1 as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, counsel for the parties have conferred concerning the need to restrict certain information in D.E. 1. Counsel for Plaintiffs has conferred with counsel for Defendant Rusckowski, who has requested restriction as more fully set forth below.

## BACKGROUND AND INTRODUCTION

This defamation action involves a safe house and rehabilitation center for survivors of sexual trafficking and sexual assault which is identified with particularity in the Complaint ("Facility").[1]

Pursuant to Local Rule 7.2, Plaintiffs respectfully request that the Court place and maintain a Level 1 restriction upon D.E. 1 to protect from public disclosure certain confidential information necessary to protect the anonymity and security of the Facility and its residents.

Filed contemporaneously herewith is Plaintiff's First Amended Complaint and Jury Demand, which omits the sensitive information this Motion targets for restriction.

## APPLICABLE LAW AND ARGUMENT

"All courts have supervisory powers over their own records and files. Thus, a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal quotations and citations omitted). Likewise, "[t]here is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Teets v. Great-West Life & Annuity Ins. Co.*, Civil Action No. 14-cv-02330-WJM-NYW, 2016 (D. Colo. April 20, 2016) (internal citations and quotations omitted). As this Court recognizes:

> Public access to the courts is fundamental to our system of justice. While the Court recognizes that some cases may involve information that must be restricted, this Court will not grant motions to restrict that do not specifically address the factors set out in Local Rule 7.2, even if the motions are stipulated. Failure to comply with Local Rule 7.2 may result in the striking of the motion to restrict and may also result in public availability of the information and/or document(s) at issue. In addition,

---

[1] Importantly, at the time of filing, Plaintiffs were unaware that the Facility had been developed to the point of being operational and that it was functioning for its stated purpose. During conferral with defense counsel, this fact was made clear, necessitating this Motion.

{08012006 / 1}

> the Court will rarely restrict court pleadings, papers, or orders, even if such documents refer to exhibits that are restricted.

Civ. Practice Standard I.1.

To that end, a party seeking to restrict access to documents must (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify the injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable; and (5) identify the level of restriction sought. D.C.Colo.L.Civ.R 7.2(c).

Here, each of the four enumerated inquiries weigh in favor of restricting the narrow scope of information at issue.

As to the first factor, Plaintiffs seek only to restrict D.E. 1, the operative complaint to protect the address of the Facility which is identified in a single place. D.E. 1, ¶ 25. An Amended Complaint is being filed herewith omitting such information and superseding the operative complaint. In the alternative, if Level 1 restriction is not granted, Plaintiffs respectfully request that the Court place a level 1 restriction on ¶ 25 of D.E. 1 in the form of a redaction to the specific verbiage of the allegations, beginning at the word "located" and terminating after the word "Massachusetts".  A proposed redacted version of D.E. 1 is attached as **Exhibit A**.

Regarding the second and third factors, there is no dispute that the restriction is appropriate and it is easy to see why the Facility's address should not be publicly available. "The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Ledezma v. Young Life*, 20-CV-01896-NYW, 2021 WL 2823261, at *4 (D. Colo. Jan. 8, 2021)(internal citations omitted). The Motion is filed at the request

of Defendant Rusckowski, and the parties agree that protection of society's most vulnerable members, like those residing at the Facility, is a real and substantial interest that outweighs the necessity of access to publicly available information. The Facility services those who have been involved in highly traumatic situations often entangled with, or previously involved with, criminal activity. Frequently, survivors fear for their security and reside in such facilities as a safe harbor from their abusers, among other reasons. As this Court has observed: "[v]ictims of rape and other forms or sexual assault are often stigmatized in a manner that affects their educational, employment, and social prospects. Unfortunately, at times, the justice system has also contributed to a survivor's experiences of stigmatization and marginalization." *Ledezma v. Young Life*, 20-CV-01896-NYW, 2021 WL 2823261, at *5 (D. Colo. Jan. 8, 2021)(citing *Roe v. Minguela*, No. 16-CV-02744-MSK-KMT, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018) (citing Paul Marcus & Tara L. McMahon, *Limiting Disclosure of Rape Victims' Identities*, 64 S. Cal. L. Rev. 1020, 1030-36 (1991)) and Chanel Miller, *Know My Name* (2019). Here, Plaintiffs respectfully contend that restriction of the limited information identified easily outweighs the countervailing concerns for protecting publicly available information under these circumstances.

Referring to the final factor, Plaintiffs contend that there are two available remedies for protecting the Facility's address; 1) restriction of the Complaint; and 2) redaction proposed by substitution of D.E. 1 with Exhibit A.

Both options are viable remedies, but Plaintiffs contend that, given the imminent filing of an Amended Complaint, placing Level 1 restrictions on D.E. 1 is the simpler option.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court designate the D.E. 1 as Level 1 Restricted, limiting access to the Court and parties, or, in the alternative enter a redacted version of D.E. 1 as proposed in Exhibit A.

Respectfully submitted this 2nd day of February, 2024.

By: *s/ Adam M. Royval*
M. Caleb Meyer, Esq.
Adam M. Royval, Esq.
Emilie C. Lorden, Esq.
**MESSNER REEVES LLP**
1550 Wewatta Street, Suite 710
Denver, CO 80202
Telephone: (303) 623-1800
*Attorneys for Plaintiffs, Avodah Farms and Keenan Fitzpatrick*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 2, 2024, a true and correct copy of the foregoing **UNOPPOSED MOTION FOR LEVEL 1 RESTRICTION OF D.E. 1.** was electronically filed via CM/ECF upon all counsel of record.

/s/ *Tracey Zastrow*

Tracey Zastrow

*This document was filed electronically pursuant to C.R.C.P. 121 § 1-26.  Duly signed original on file at the offices of Messner Reeves LLP.*

{08012006 / 1}