IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-233

**AVODAH FARMS**, a Colorado nonprofit corporation, and
**KEENAN FITZPATRICK**, an individual
Plaintiffs,

v.

**DEBORAH O'HARA-RUSCKOWSKI**, an individual
Defendant.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

COME NOW Plaintiffs Avodah Farms and Keenan Fitzpatrick ("Plaintiffs"), by and through their counsel Messner Reeves, LLP, and submit this Motion for Leave to File Sur-Reply in Response to Defendant's Reply in Support of Motion to Dismiss First Amended Complaint (Reply) (ECF 99). Plaintiffs state the following in support:

**CERTIFICATE OF CONFERRAL**

Pursuant to District of Colorado Local Rule 7.1(a), Plaintiffs' counsel conferred with Defendant's counsel regarding the relief requested herein. Defendant opposes this Motion.

**INTRODUCTION**

In Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF 84) (Motion), the only defamatory statement alleged in the First Amended Complaint (FAC) which Defendant

1

argued lacked sufficient specificity was paragraph 91. Now in her Reply, Defendant asserts new legal arguments that alleged defamatory statements apart from paragraph 91 lack sufficient specificity. This warrants a sur-reply for Plaintiffs to respond to Defendant's new legal arguments that alleged defamatory statements in the FAC apart from paragraph 91 lack sufficient specificity.

Alternatively, to the extent this Court declines Plaintiffs' request for leave to file a sur-reply, then this Court should disregard Defendant's new legal arguments in her Reply that alleged defamatory statements apart from paragraph 91 lack sufficient specificity.

## LEGAL STANDARD

As Judge Wang has recognized, "[i]n the Tenth Circuit, 'a district court must permit a surreply where it relies on new materials—i.e., new evidence or new legal argument—raised in a reply brief.'" *Carlson v. Colorado Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 276 (D. Colo. 2022) (quoting *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 2010 WL 420046, at *10 (D. Colo. Feb. 1, 2010) (internally citing *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006)) (emphasis added) (brackets removed).

Federal district courts within the Tenth Circuit are clear and consistent on this point. *See, e.g., Smith Sport Optics, Inc. v. Burton Corp.*, 2023 WL 6794321, at *2 (D. Colo. Oct. 13, 2023) (sur-reply warranted "when new arguments are inserted into a reply"); *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 903 (D. Kan. 2021) ("[W]hen a moving party uses their reply to present new material—i.e., new evidence or new legal arguments—and if the court relies on that new material, it should give the nonmoving party an opportunity to respond[]" in a sur-reply); *Pirnie v. Key Energy Servs., LLC*, 2009 WL 1386997, at *1 (D. Colo. May 15, 2009) (sur-reply

2

warranted where "reply brief raises new material that was not included in the original motion[,]" including "new legal arguments").

The result is that "when new arguments are inserted into a reply, a court 'may avoid error by (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply.'" *Smith Sport Optics*, 2023 WL 6794321, at *2 (quoting *E.E.O.C. v. Outback Steak House*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006)).

## **ARGUMENT**

In Defendant's Motion, despite asserting that "Plaintiffs did not allege the details of [Defendant's] alleged statements with sufficient specificity[,]" the only alleged defamatory statement which Defendant actually argued lacked sufficient specificity was paragraph 91 of the FAC. (ECF 84, p. 16 (capitalization removed).) Defendant's argument on this point in her Motion amounted to the following:

> Plaintiffs vaguely allege that Ms. O'Hara-Rusckowski "published written and/or verbal statements to third parties that Avodah had perpetrated crimes and had been federally charged with labor trafficking religious Sisters." *See* FAC at ¶ 91. But the FAC nowhere alleges specific facts about these publications: the specific words, the date(s) of any communications, the place(s) where they were allegedly made, the recipient(s) of the communications, and the context of the allegedly defamatory statements are all left to the imagination. Nor is it clear whether Ms. O'Hara-Rusckowski affirmatively claimed that Avodah was charged with a federal offense, or whether that was just the mistaken understanding of an unidentified recipient of the communication set forth in paragraph 91 of the Complaint.
>
> Courts have routinely dismissed defamation claims for such lack of specificity. (citing cases).
>
> (ECF 84, pp. 16-17.)

Defendant's analysis on this issue did not address any other alleged defamatory statement apart from paragraph 91. Plaintiffs noted this in their Opposition and stated: "To the

3

extent Ruscowski argues in her Reply that any other alleged defamatory statement apart from paragraph 91 lacks sufficient specificity, this would warrant and Plaintiffs will request a sur-reply to respond." (ECF 91, p. 11 n.2.)

Now in her Reply, Defendant has asserted new and additional legal arguments that alleged defamatory statements apart from paragraph 91 lack sufficient specificity:

> Plaintiffs try to limit the insufficient pleading argument to just the challenged statement set forth in Paragraph 91 (Opp. at 7), but this infirmity infects nearly all of the alleged defamatory statements. Indeed, as to many of the alleged statements, the FAC does not set forth the actual language—or provide full quotes—of what was allegedly defamatory. *See* FAC ¶¶ 56, 57, 63, 72, 74. All but one of the challenged statements lack factual allegations setting forth *when* the statements were allegedly made, warranting dismissal. *See id.* at ¶¶ 57, 58, 63, 65, 72, 74[.]
>
> And many of Plaintiffs' allegations fail to identify the recipients of allegedly defamatory statements with any specificity. *See id.* at ¶¶ 58, 64, 65, 66-68, 72, 74. In Paragraph 65, Plaintiffs do not name the "prominent figure" who allegedly had communications with Defendant. Nor do they describe the "potential" Avodah donors who were allegedly recipients of allegedly defamatory statements. *See id.* at ¶¶ 56-59, 63, 64, 65, 66-68, 74.
>
> […]
>
> While Plaintiffs cite to case law allowing for some level of imprecision in pleading the timeframe of alleged defamatory statements, the lack of *any* specificity in the FAC is unlike any of the cases on which Plaintiffs rely. For example, Plaintiffs plead that one of the challenged statements was made sometime "subsequent to [] November 7, 2022," *i.e.*, at some unspecified 14-month interval between November 2022 and when the initial Complaint was filed in January of 2024. *See* FAC ¶ 55. This type of pleading is not "imprecise" as to timing—it is devoid of timing allegations altogether.
>
> Plaintiffs' failure to identify the specific language that Defendant allegedly used is certainly problematic here. *Compare id.* at ¶¶ 63, 72, 74; *with Clark v. Carter,* 2024 WL 264076, at *1 (D.S.D. Jan. 24, 2024)[.] Paragraph 74, for example, is deficient because, while it claims that Defendant allegedly published that Plaintiffs "have perpetrated crimes," that accusation "does not provide enough detail to state a claim" because Plaintiffs fail to allege specifically "*what* criminal activities [Plaintiffs have] been accused of or described when these statements were made." *See Goode*, 2024 WL 3835999, at *15. And, to the extent Plaintiffs attempt to

4

> predicate liability on republication of certain statements, they fail to provide critical details as to how Defendant caused or should have anticipated the republication, the date thereof, the parties involved, or, critically, the words used in any such communication. *See* FAC at ¶¶ 58, 63.

(ECF 99, pp. 5-6.)

These are new legal arguments. Defendant's Motion only argued that the alleged defamatory statement in paragraph 91 lacked sufficient specificity. In her Reply, Defendant now argues that an additional thirteen paragraphs in the FAC apart from paragraph 91 (paragraphs 55, 56, 57, 58, 59, 63, 64, 65, 66, 67, 68, 72, 74) also lack sufficient specificity. These arguments were not asserted in Defendant's Motion and warrant a sur-reply for Plaintiffs to respond to Defendant's new legal arguments that alleged defamatory statements in the FAC apart from paragraph 91 lack sufficient specificity. *Carlson*, 341 F.R.D. at 276 (Judge Wang stating: "In the Tenth Circuit, a district court <u>must</u> permit a surreply where it relies on new materials—i.e., new evidence or new legal argument—raised in a reply brief.") (emphasis added) (quotations omitted).

## **CONCLUSION**

This Court should grant Plaintiffs leave to file a sur-reply to respond to Defendant's new arguments that alleged defamatory statements in the FAC apart from paragraph 91 lack sufficient specificity. Alternatively, to the extent this Court declines Plaintiffs' request for leave to file a sur-reply, then this Court should disregard Defendant's new arguments in her Reply that alleged defamatory statements apart from paragraph 91 lack sufficient specificity.

Respectfully submitted this 18th day of October, 2024.

                By:  *s/ M. Caleb Meyer*
M. Caleb Meyer, Esq.
Adam M. Royval. Esq.
Gregory S. Carter, Esq.
**MESSNER REEVES LLP**
1550 Wewatta Street, Suite 710
Denver, CO 80202
Telephone: (303) 623-1800
*Attorneys for Plaintiffs, Avodah Farms and Keenan Fitzpatrick*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this October 18, 2024, a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed via CM/ECF upon all counsel of record.

/s/ *Tracey Zastrow*
Tracey Zastrow

*This document was filed electronically pursuant to C.R.C.P. 121 § 1-26.  Duly signed original on file at the offices of Messner Reeves LLP.*