IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00233-NYW-CYC

AVODAH FARMS, a Colorado nonprofit corporation, and
KEENAN FITZPATRICK, an individual

       Plaintiffs,

v.

DEBORAH O'HARA-RUSCKOWSKI, an individual
       Defendant.

_____

**PROTECTIVE ORDER**
_____

One or more of the Parties anticipate producing confidential information during discovery, and submitting confidential information to the Court in pleadings or other documents and at trial. The disclosure of such information outside of this matter or any appeal could result in significant injury to the Producing Party's privacy interests. The Parties request the Court to enter this Proposed Protective Order for the purpose of preventing the disclosure and use of such information except as set forth therein.

1.      As used in this Protective Order, the word "Document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rules of Evidence 1001; electronically stored information; recorded or transcribed testimony given in depositions or other proceedings in this Lawsuit; pleadings and other papers filed in this Lawsuit or served on the parties or their counsel; and documents and information

disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "Lawsuit" means this action and any resulting appeals.

    3.    As used in this Protective Order, "Producing Party" means the Party that seeks to disclose or does disclose "Confidential Information" as defined by this Protective Order.

    4.    As used in this Protective Order, "Receiving Party" means the Party that seeks to obtain or does obtain from a Producing Party any "Confidential Information" as defined by this Protective Order.

    5.    As used in this Protective Order, "Confidential Information" means (a) Documents and other information that the Producing Party designates as confidential in the manner set forth below; (b) deposition testimony and deposition exhibits in this Lawsuit that the Producing Party designates as confidential in the manner set forth below; (c) responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, examinations of premises, facilities and physical evidence that the Producing Party designates as confidential in the manner set forth below; (d) inspections that the Producing Party designates as confidential in the manner set forth below; (e) witness interviews that the Producing Party designates as confidential in the manner set forth below; and (f) any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given by the Producing Party or by a nonparty that the Producing Party or nonparty designates as confidential in the manner set forth below.

6. The Producing Party, or a nonparty producing information or documents, may designate as Confidential Information any Document or information that it has determined in good faith consists of or relates to any information that can be protected from disclosure under F.R.C.P. 26(c), including but not limited to the following: (a) trade secrets, proprietary business information, or competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Producing Party or nonparty producing information or documents, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients; (b) financial and accounting information; (c) medical records; and (d) any information protected from disclosure under Federal law, including but not limited to protection by virtue of any applicable privilege, privacy right, or any other ground for protection.

7. Confidential Information shall be used only for the preparation and litigation of this Lawsuit, and shall not be disclosed or used or discussed for any other purpose, including, without limitation, any business, personal, or commercial purpose or in connection with any other proceeding or litigation.

8. All persons with access to Confidential Information produced by the Producing Party, or by a nonparty, shall take all reasonable precautions necessary to ensure that no other person shall disclose or use Confidential Information for any purpose that does not relate directly to this Lawsuit and or in any manner that is not permitted by this Protective Order.

9. Confidential Information shall not, without the consent of the Producing Party, or a producing nonparty, or further Court order, be disclosed, discussed,

summarized, described, characterized or otherwise communicated or made available in whole or in part to any person except the following:

    a. Counsel of record in this Lawsuit and persons employed by or otherwise working for counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit, and who have been advised by such counsel of their obligations hereunder;

    b. Third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data, and who have been advised by such counsel of their obligations hereunder;

    c. Individual parties and representatives of entity parties deemed necessary by counsel of record for the entity party for assistance with the prosecution or defense of this Lawsuit, and who have been advised by such counsel of their obligations hereunde;

    d. Expert witnesses and consultants retained in connection with this Lawsuit, whether or not disclosed as testifying experts, and then only to the extent counsel has made a reasonable and good faith determination that the Confidential Information disclosed is necessary for preparation, trial, or other proceedings in this Lawsuit;

    e. Deponents, witnesses, or potential witnesses to the extent counsel has made a reasonable and good faith determination that: a) such persons will be witnesses in this case; and b) that the witnesses' examination of the Confidential Information is necessary in connection with such testimony;

4

    f.    The Court and its employees;

    g.    Stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

    h.    Other persons by written agreement of the parties.

10.    Before disclosing any Confidential Information to any person listed in paragraphs 9.d., 9.e., or 9.h. above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment substantially in the form of the attached Exhibit 1, that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of the Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. All such acknowledgments shall be retained by counsel. Acknowledgments from any person listed in paragraph 9.e on the record during a deposition shall be sufficient to comply with this paragraph in lieu of a written acknowledgement.

11.    The designation of documents as "Confidential" for purposes of this Protective Order shall be made in the following manner by the Producing Party or producing nonparty.

    a.    In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

    b.    In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or

pretrial testimony, or any portion thereof, is "Confidential." Counsel shall direct the court reporter or counsel to affix the appropriate Confidential stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential. Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as Confidential after transcription provided written notice of the designation is given to all counsel of record within thirty days after notice by the Court reporter of the completion of the transcript. All depositions shall presumptively be treated as Confidential and subject to this Protective Order during the deposition and until this thirty day period expires. The Receiving Party shall not be deemed to have violated this Protective Order with respect to any use of such deposition, pretrial testimony, or statement on the record prior to the designation of such material as Confidential.

c. In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement by counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

d. In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the

    Producing Party's counsel to the Receiving Party's counsel, that such discovery material or any portion thereof is "Confidential."

  e. In the case of production of materials, statements or information by another party in the Lawsuit, or a nonparty, any Party to the Lawsuit may designate the material, statement or information Confidential following a disclosure by another party or non-party in a manner consistent with any of the procedures set forth in paragraphs 11(a)-(d) above, if the Party making the designation believes that they have grounds to protect their confidential interests (as defined in paragraph 6 above) in the material, statement or information. In such an event, the party making the Confidential designation shall be deemed to be the "Producing Party" of Confidential Information for purposes of this Order. Any Receiving Party of such material, statement or information shall not be deemed to have violated this Protective Order with respect to any use of such material, statement or information prior to the designation of such material as Confidential.

  f. The parties may modify the procedures set forth in paragraphs 11(b) – (c) through agreement of counsel on the record at such deposition or, in the case of an interview, in writing, in the presence of counsel attending such interview, without further order of the Court.

  12. The Receiving Party may object to the designation of particular Confidential Information by giving written notice to the Producing Party. The written notice shall identify the information to which the objection is made. Consistent with

7

D.C.COLO.LCivR 7.1(a), the parties shall meaningfully confer regarding the objection. If the parties cannot resolve the objection, either party may make an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion made under this provision, the Producing Party shall bear the burden of establishing good cause exists for the disputed information to be treated as Confidential Information.

      13.    The failure to object to the designation of information as Confidential Information for purposes of this Order shall not be construed as evidence that the information is proprietary or confidential information for any purpose other than application and enforcement of this Protective Order.

      14.    Subject to the Federal Rules of Civil Procedure and any other applicable law, the use of Confidential Information in this Lawsuit (including in depositions, pleadings, and other papers filed with the Court, written discovery responses, and trial) shall not cause the information to lose its confidential status. All persons using Confidential Information in this Lawsuit shall take all reasonable precautions necessary to protect the confidentiality of such information during its use. Any Confidential Information submitted to the Court, whether in any motions, pleadings, affidavits, briefs or other papers, shall, unless otherwise agreed by the parties, be subject to this Protective Order and shall be filed with an unopposed Motion to Restrict under D.C.COLO.LCivR 7.2 and the Confidential Information itself shall be filed as restricted. By filing under restricted access material designated by another as Confidential, the

filing party does not waive its right to later object to the propriety of the designation of the material as Confidential pursuant to paragraph 12 above.

15. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought.

16. If the Receiving Party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by the Producing Party, the Receiving Party shall promptly notify the Producing Party or its counsel, shall permit the Producing Party to assert all appropriate objections, and shall decline to produce the Confidential Information on the basis of this Protective Order except upon either (1) court order following the notice and procedures set forth above or (2) failure of the Producing Party to timely seek relief from the court to prevent production of the Confidential Information through the procedures set forth above.

17. Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of Confidential Information that it alone prepared or obtained, and which contains no Confidential Information obtained directly or indirectly from another party or from a nonparty who disclosed the information and designated it as Confidential

Information pursuant to this Protective Order. In addition, nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of information obtained from, or available in, the public record of any other proceeding.

18. Nothing in this Protective Order is intended to grant any rights by either party to the other party under any patent, trademark, or copyright, nor shall this Protective Order grant any party any rights in or to the Confidential Information of the other party.

19. The Producing Party's disclosure and designation of information as Confidential Information pursuant to this Protective Order shall not be construed as evidence that the Producing Party is the owner of or has any rights in or to the Confidential Information.

20. In the event of an inadvertent disclosure by the Producing Party of any Document that is subject to a claim by the Producing Party that the Document should have been marked Confidential but was not prior to copying and delivery of the Document to the Receiving Party, the disclosure of such Document shall extend only to the Document so inadvertently disclosed or produced and shall not extend to or affect the right to designate as Confidential, or to withhold from production as privileged or work product, any other Document, even though such Documents may relate to the same transaction or subject matter as the Document inadvertently disclosed. In the event of inadvertent production or disclosure of any Document that the Producing Party believes should have been marked Confidential, the Producing Party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document as Confidential and thereafter such Document and all copies thereof shall be

subject to the provisions of this Protective Order respecting the treatment of Confidential Information.

21. The termination of this Lawsuit shall not relieve any person obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information.

22. This Protective Order shall inure to the benefit of and be binding on the successors or assigns of the Parties.

23. At the conclusion of this Lawsuit, unless other arrangements are agreed upon, the Receiving Party shall, at its option, either return the Confidential Documents to the Producing Party or destroy them, and in addition shall destroy all copies of those Documents except deposition exhibits, exhibits to pleadings filed with the Court, and trial exhibits. However, each firm representing any of the parties to the Lawsuit may retain one electronic copy of all Confidential Documents, which will continue to be subject to the terms of this Protective Order. Upon request of the Producing Party, the Receiving Party shall provide the Producing Party with an affidavit confirming destruction.

24. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED

Dated: _____

                                              Hon. Cyrus Y. Chung
                                              United States Magistrate Judge

APPROVED:

COZEN O'CONNOR

By: *s/ Joseph Okon*
Joseph Okon
707 17th Street, Suite 3100
Denver, CO 80202
Phone: (720) 539-7889
jokon@cozen.com

Sarah Krissoff
Arianna K. McLaughlin
3 WTC
175 Greenwich St. 55th Floor
New York, New York 10007
Phone: (212) 908-1388
skrissoff@cozen.com
amclaughlin@cozen.com
*Attorneys for Deborah O'Hara-Rusckowski*

MESSNER REEVES LLP

By: *s/ Caleb Meyer*
M. Caleb Meyer, Esq.
Adam M. Royval. Esq.
Emilie C. Lorden, Esq.
1550 Wewatta Street, Suite 710
Denver, CO 80202
Telephone: (303) 623-1800
cmeyer@messner.com
*Attorneys for Plaintiffs, Avodah Farms and Keenan Fitzpatrick*

12

## **EXHIBIT 1**

## **WRITTEN ACKNOWLEDGEMENT TO STIPLULATED PROTECTIVE ORDER**

I, the undersigned, acknowledge that I have carefully and completely read the Protective Order in the pending litigation between Avodah Farms, Keenan Fitzpatrick, and Deborah O'Hara-Rusckowski that I am one of the persons contemplated in Paragraph 9 of the Protective Order; and that I fully understand and agree to abide by the obligations and confidences set forth in the Protective Order. I consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name