# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-233

**AVODAH FARMS**, a Colorado nonprofit corporation, and
**KEENAN FITZPATRICK**, an individual
Plaintiffs,

v.

**DEBORAH O'HARA-RUSCKOWSKI**, an individual
Defendant.

## PLAINTIFFS'-COUNTERCLAIM DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

COME NOW Plaintiffs-Counterclaim Defendants, Avodah Farms, a Colorado nonprofit corporation, and Keenan Fitzpatrick, individually, ("Plaintiffs"), by and through their counsel Messner Reeves, LLP, and respectfully request pursuant to Federal Rule of Civil Procedure 12(b)(6) that this Court dismiss with prejudice Defendant-Counterclaim Plaintiff Deborah O'Hara-Rusckowski's ("Rusckowski") abuse of process counterclaim. In support of this request, Plaintiffs state as follows.

### CERTIFICATE OF CONFERRAL

Pursuant to District of Colorado Local Rule 7.1(a), Plaintiffs' counsel conferred with Rusckowski's counsel regarding this Motion. This Motion is opposed.

# INTRODUCTION

Plaintiffs have filed and are prosecuting, in compliance with proper court procedure and in furtherance of their causes of action, a meritorious lawsuit premised on Rusckowski's false and defamatory statements which have tarnished Plaintiffs' public standing. That Plaintiffs filed this lawsuit in response to harm resulting from Rusckowski's false and defamatory statements does not establish an abuse of process. That Plaintiffs have told others about this lawsuit, including stakeholders in the faith-based and charitable communities to whom Rusckowski had spread her false and defamatory statements, does not establish an abuse of process. Nor does it establish an abuse of process that Rusckowski may incur consequences for spreading false and defamatory statements which have tarnished Plaintiffs.

Rusckowski has failed to state a viable abuse of process claim as a matter of law. This Court should dismiss with prejudice Rusckowski's abuse of process counterclaim.

# LEGAL STANDARD

"A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) requires a court to 'determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Ctr. for Biological Diversity v. Berger*, 1:24-CV-01608-DDD-NRN, 2025 WL 1719198, at *2 (D. Colo. May 29, 2025) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). Dismissal is warranted where, "disregard[ing] conclusory statements and look[ing] only to whether the remaining, factual allegations plausibly suggest the defendant is liable[,]" the "well-pleaded facts underlying a plaintiff's allegations" fail to "articulate a viable legal claim." *Id.* (quotations omitted).

1

# ARGUMENT

**A. To state a viable abuse of process claim, Rusckowski must plausibly allege an actionable ulterior purpose and actionable improper use of a judicial process.**

"Abuse of process is a tort designed to provide a remedy when litigation has been properly commenced but is misused to compel or coerce a result not ordinarily obtainable through the litigation process." *USI Ins. Servs. LLC v. Morris*, 22-CV-03180-GPG-MDB, 2024 WL 3085960, at *3 (D. Colo. Mar. 26, 2024) (applying Colorado law). Under Colorado law, "[a] claim for abuse of process requires proof of three elements: '(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage.'" *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1027 (D. Colo. 2014) (applying Colorado law) (quoting *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009)). Pertinent and dispositive here are the first and second elements.

    **1. Rusckowski must plausibly allege an ulterior purpose with no legitimate correlation to Plaintiffs' causes of action.**

Regarding the first element, "[a]n ulterior purpose is one that the legal proceeding was not designed to accomplish." *Gustafson v. Am. Family Mut. Ins. Co.*, 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012) (applying Colorado law.) "Usually, the ulterior purpose is to obtain an advantage in another matter to achieve the surrender of property or the payment of money." *Mintz v. Accident & Injury Med. Specialists, PC,* 284 P.3d 62, 66 (Colo. App. 2010). To be actionable for an abuse of process claim, a litigant's ulterior purpose for filing and prosecuting a lawsuit must have no legitimate correlation to the lawsuit's causes of action. *Id.*; *see also Active Release Techniques, LLC v. Xtomic, LLC*, 2017 COA 14, ¶ 9 ("The required motive in an

2

abuse of process claim is to put pressure on the person who is wrongfully sued to perform or to refrain from performing an action unrelated to the process.") (citations omitted).

Additionally, and critical here, the ulterior purpose must be the primary and controlling purpose for a litigant's use of a judicial process, not merely incidental. *Mintz*, 284 P.3d at 66 ("[T]here is no liability for abuse of process if the defendant's ulterior purpose was simply incidental to the proceeding's proper purpose."). Thus, where a lawsuit is filed and prosecuted in furtherance of the purpose of its causes of action, there is no abuse of process as a matter of law, irrespective of any other incidental motive or benefit to the litigant for prosecuting the lawsuit. *Id*. ("There is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.") (quoting Restatement (Second) of Torts § 682 cmt. b).

Examples are instructive. Courts have found an ulterior purpose and viable abuse of process claim where a litigant used a replevin action not to recover personal property as is the purpose of the claim, but to force a payment not due under a contract and obtain a liability release. *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973) (affirming judgment for abuse of process claim where "defendant used the replevin actions not as a means to regain the subject equipment, but as a way of forcing plaintiff to pay a sum not required by the contract between the parties and to agree to release defendant of all liability for its action."). As another example, courts have found an ulterior purpose and viable abuse of process claim where a litigant filed a lien and lis pendens not to assert a legal interest in the property at issue as is the purpose of the claims, but to pressure the property owner to negotiate in a separate child custody dispute. *Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d

3

1103, 1122 (D. Colo. 2010), *aff'd*, 566 Fed. Appx. 681 (10th Cir. 2014) ("For example, a party engages in abuse of process when he files liens against his adversary, not because the filer claims an interest in the property, but to compel the adversary to concede a child custody proceeding.") (citations omitted).

Accordingly, to state a viable abuse of process claim, the first element requires Rusckowski to plausibly allege that Plaintiffs have filed and prosecuted this lawsuit with a primary ulterior purpose that has no legitimate correlation to Plaintiffs' causes of action. *Gustafson*, 901 F. Supp. 2d at 1305; *Active Release*, ¶ 9; *Mintz*, 284 P.3d at 66.

### 2. Rusckowski must plausibly allege an actionable improper use of a legal proceeding.

The second element of an abuse of process claim requires allegations establishing "an improper use of a legal proceeding or process that is unrelated to, or outside the scope of, the action filed." *Active Release*, ¶ 9. A litigant must have "invoke[d] legal proceedings not for their intended purpose, but in an effort to obtain collateral results that would not be available by the normal operation of such proceedings." *Tara Woods*, 731 F. Supp. 2d at 1122.

This second element of an abuse of process claim involves two components: (i) a litigant must actively and willfully depart from the regular course of a lawsuit's prosecution; and (ii) the litigant must use the lawsuit in a coercive attempt to pressure or obtain collateral results outside the course of the proceeding with no legitimate correlation to the lawsuit's causes of action, as set forth below.

#### i. Rusckowski must plausibly allege an active and willful departure from the regular course of a lawsuit's prosecution.

Regarding the first component, where a litigant files and then prosecutes a lawsuit in compliance with proper court procedure and in furtherance of the lawsuit's causes of action,

4

there can be no abuse of process as a matter of law. *Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 19 ("[B]ringing a [lawsuit] and carrying it to its natural end to obtain a result such an action is designed to achieve doesn't constitute an improper use of process, no matter the motive."). A litigant's motive for filing and prosecuting a lawsuit is irrelevant to this inquiry. *Id*.; *see also Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006) ("Although the litigant's motive may be important in determining whether there was an ulterior purpose, it still must be established that, <u>viewed objectively</u>, there was an improper use of the process.") (emphasis added). Rusckowski's subjective assessment of Plaintiffs' motive for filing and prosecuting their lawsuit is thus irrelevant to this second element. *Walker*, 148 P.3d at 394.

Rather, Colorado law is clear that if a lawsuit is "confined to its regular and legitimate function in relation to the cause of action stated in the complaint[,]" such that the lawsuit is prosecuted in its regular course in furtherance of its causes of action, an abuse of process claim fails as a matter of law, irrespective of the litigant's motive:

> If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim. Further, while the ulterior motive may be inferred from the wrongful use of the process, the wrongful use may not be inferred from the motive.

*James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) (quotations omitted) (italics removed); *see also Colorado Cmty. Bank v. Hoffman*, 2013 COA 146, ¶¶ 37-38 (same).

The mere filing and prosecution of a lawsuit therefore cannot amount to an abuse of process as a matter of law, even in context of allegations that a litigant had no lawful claims and

5

filed an unmeritorious lawsuit in "an attempt to harass, embarrass, damage, burden and wrongfully obtain monies from defendants[,]" *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011), or even where the plaintiff alleged that "the principal reason" for the filing of counterclaims was not to recover damages on the counterclaims' causes of action but "to retaliate against Plaintiff, to harass and intimidate Plaintiff, to cause Plaintiff to cease his lawful competition with Defendant, to prevent Plaintiff from making a living, and to ruin his reputation." *Hertz*, 576 F.3d at 1117. Instead, to state a viable abuse of process claim, Rusckowski must plausibly allege that, "viewed objectively," Plaintiffs actively and willfully departed from the regular course of their lawsuit's prosecution. *Parks*, ¶ 19; *Walker*, 148 P.3d at 394; *James H. Moore & Associates*, 892 P.2d at 373.

> ii. ***Rusckowski must plausibly allege a coercive attempt to pressure or obtain collateral results outside the course of the proceeding with no legitimate correlation to Plaintiffs' causes of action.***

The second component of an abuse of process claim's second element requires allegations establishing that a litigant used a lawsuit outside the course of the proceeding in a coercive attempt to pressure or obtain "collateral results" which have no legitimate correlation to the lawsuit's causes of action. *Tara Woods*, 731 F. Supp. 2d at 1122. The litigant's "coercive goal must be one that the proceeding was not designed to achieve." *Parks*, ¶ 15. Thus, absent allegations of attempted coercion apart from and in addition to a lawsuit's mere filing and prosecution, and absent allegations that the aim of the attempted coercion is "unrelated to, or outside the scope of, the action filed[,]" *Active Release*, ¶ 9, an abuse of process claim fails as a matter of law. *Tara Woods*, 731 F. Supp. 2d at 1122; *Parks*, ¶ 15.

6

The attempted coercion must also be definite and active, not merely incidental to a lawsuit's filing and prosecution. *Parks*, ¶ 13 ("[A]buse of process requires a 'definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.'") (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 121, at 898 (5th ed. 1984)). This requires allegations establishing "a form of extortion" in which a lawsuit is used as coercive leverage in a negotiation. *Hertz*, 576 F.3d at 1118 ("There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.") (quoting W. Page Keeton et al., *Prosser and Keeton on Torts* § 121, at 898 (5th ed. 1984)). The critical inquiry is whether a litigant used a lawsuit in a coercive attempt "to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Id*.

The previous examples cited above are again instructive. In each case, a litigant both: (1) departed from the regular course of a lawsuit's prosecution; and (2) used the lawsuit outside the course of the proceeding in a coercive attempt to pressure or obtain collateral results with no legitimate correlation to the causes of action. In the replevin example, the litigant did not prosecute the replevin action in its regular course to recover any personal property but instead used the lawsuit to force a payment and obtain a liability release outside the proceeding. *See Aztec Sound Corp.*, 510 P.2d at 899. In the lien and lis pendens example, the litigant did not prosecute the lawsuit in its regular course to assert any legal interest in the property at issue but instead used the lawsuit to pressure negotiations in a separate child custody dispute. *See Tara Woods*, 731 F. Supp. at 1103 (citations omitted).

7

Thus, in summary: to state a viable claim for abuse of process, Rusckowski must plausibly allege both elements of: (1) an actionable ulterior purpose; and (2) an actionable improper use of a legal proceeding. The first element requires Rusckowski to plausibly allege that Plaintiffs have filed and prosecuted this lawsuit with a primary ulterior purpose that has no legitimate correlation to Plaintiffs' causes of action. *Gustafson*, 901 F. Supp. 2d at 1305; *Active Release*, ¶ 9; *Mintz*, 284 P.3d at 66. The second element requires Rusckowski to plausibly allege both that: (i) "viewed objectively," Plaintiffs actively and willfully departed from the regular course of their lawsuit's prosecution, *Parks*, ¶ 19; *Walker*, 148 P.3d at 394; *James H. Moore & Associates*, 892 P.2d at 373; and (ii) Plaintiffs used the lawsuit in a coercive attempt to pressure or obtain collateral results outside the proceeding with no legitimate correlation to their causes of action. *Hertz*, 576 F.3d at 1118; *Tara Woods*, 731 F. Supp. at 1103; *Parks*, ¶ 15; *Active Release*, ¶ 9.

**B. Rusckowski has failed to allege an actionable ulterior purpose or actionable improper use of a judicial process by Plaintiffs.**

    **1.    Rusckowski has failed to allege an actionable ulterior purpose.**

Rusckowski alleges that Plaintiffs "had at least three ulterior purposes for filing this lawsuit[:]"

> a) To threaten, intimidate, discredit, and retaliate against Ms. O'Hara- Rusckowski for acting as a witness against them in an active federal criminal investigation and in the Denver Archdiocese's now-complete ecclesiastical investigation;
> b) To publicly air their grievances against the non-party Denver Archdiocese; and
> c) To publicly denigrate Ms. O'Hara-Rusckowski and gain publicity and improve their standing with the Catholic faith-based and charitable communities to whom they disseminated the lawsuit.

(ECF 122, ¶ 247.)

None of the three ulterior purposes alleged by Rusckowski are actionable for an abuse of process claim. First: Rusckowski's allegation that Plaintiffs filed their lawsuit to "threaten, intimidate, discredit, and retaliate against [her]" for her false and defamatory statements is not an alleged ulterior purpose without any legitimate correlation to Plaintiffs' lawsuit but instead implicates the very conduct by Rusckowski which results in Plaintiffs' claims. As Plaintiffs state in their First Amended Complaint, Rusckowski's false and defamatory statements caused or otherwise contributed to the federal criminal investigation in which Rusckowski is a witness and has further caused the Archdiocese to continue to deny Avodah its Catholic status. (ECF 72, ¶¶ 60, 72.) Rusckowski's first alleged ulterior purpose thus amounts to a contention that Plaintiffs filed their lawsuit with an actionable ulterior purpose merely because Plaintiffs' lawsuit attempts to impose consequences against Rusckowski for her false and defamatory statements and to compel Rusckowski to cease those statements which are the premise of Plaintiffs' claims.

This does not establish or even suggest an attempt by Plaintiffs "to obtain an advantage in another matter to achieve the surrender of property or the payment of money." *Mintz*, 284 P.3d at 66 (emphasis added). Nor does it establish or suggest an attempt by Plaintiffs "to put pressure on [Rusckowski] to refrain from performing an action unrelated to the process." *Active Release*, ¶ 9 (emphasis added). The first alleged ulterior purpose instead implicates Plaintiffs' attempt, through their lawsuit and as confined to their lawsuit (and not a separate collateral matter or proceeding), to cease and obtain recourse for the harm which Rusckowski's false and defamatory statements have caused Plaintiffs. This comports with the proper purpose of Plaintiffs' lawsuit, as Plaintiffs' causes of action are all premised on Rusckowski's false and defamatory statements. Rusckowski's first alleged ulterior purpose thus fails. *Mintz*, 284 P.3d at 66.

9

Second: Rusckowski's allegation that Plaintiffs filed their lawsuit "[t]o publicly air their grievances against the non-party Denver Archdiocese[]" likewise is not an alleged ulterior purpose without any legitimate correlation to Plaintiffs' lawsuit but instead, at most, is incidental to Plaintiffs' claims. Plaintiffs' lawsuit is premised on the harm that Rusckowski's false and defamatory statements have caused and continued to cause them, including the Archdiocese's continued denial of Catholic status to Avodah resulting from Rusckowski's statements. (ECF 72, ¶ 60.) Plaintiffs' causes of action attempt to remedy and obtain recourse for this harm. To the extent that Plaintiffs' successful lawsuit would, by Rusckowski's allegations, provide Plaintiffs "due process [and] a channel for the truth to be exposed – an opportunity [Plaintiffs] were never afforded by the Archdiocese of Denver[,]" (ECF 122, ¶ 203), this is not an actionable ulterior purpose. A primary and proper purpose of Plaintiffs' lawsuit is to prove the falsity of Rusckowski's defamatory statements in court, with the benefit of due process and its procedural safeguards, and to recover damages and remedy the harm caused by Rusckowski's false statements, including damages resulting from the Archdiocese's continued denial of Catholic status to Avodah. Any additional purpose of publicly demonstrating the lack of due process afforded to Plaintiffs by the Archdiocese would be merely incidental and thus not actionable for an abuse of process claim. *Mintz*, 284 P.3d at 66 ("[T]here is no liability for abuse of process if the defendant's ulterior purpose was simply incidental to the proceeding's proper purpose.").

Third: Rusckowski's allegation that Plaintiffs filed their lawsuit "[t]o publicly denigrate Ms. O'Hara-Rusckowski and gain publicity and improve their standing with the Catholic faith-based and charitable communities to whom they disseminated the lawsuit[]" is also not an alleged ulterior purpose without any legitimate correlation to Plaintiffs' lawsuit but instead, at most, is

10

again incidental to Plaintiffs' claims. A lawsuit which proves the falsity of Rusckowski's defamatory statements in the public forum of a court and recovers damages for harm caused by those statements would, as consequence and logical result, damage Rusckowski's public standing and restore and improve Plaintiffs' public standing with stakeholders in the faith-based and charitable communities. Thus, even accepting Rusckowski's third alleged ulterior purpose as true, this would still be a case where "the process is used for the purpose for which it is intended but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." *Mintz*, 284 P.3d at 66. "There is no action for abuse of process" in such a case. *Id*.

Rusckowski has therefore failed to plausibly allege an actionable ulterior purpose. This Court's analysis need go no further. Dismissal is warranted.

    **2. Rusckowski has failed to allege an actionable improper use.**

Rusckowski asserts that her "abuse of process counterclaim is ***not*** about Fitzpatrick and Avodah filing the lawsuit and the Complaint's absurd content." (ECF 122, ¶ 192 (emphasis in original).) But the pleading of Rusckowski's abuse of process claim proves her wrong. The claim alleges that Plaintiffs "engaged in willful acts in the use of this lawsuit that are not proper in the regular conduct of a proceeding[]" and enumerates three alleged improper uses. (ECF 122, ¶ 248.) The first two allegations of improper use implicate Plaintiffs' mere <u>filing</u> of their lawsuit, while the third implicates Plaintiffs "disseminat[ing]" their lawsuit.

First: Rusckowski alleges improper use of a legal proceeding because "Plaintiffs <u>filed the lawsuit</u> at the same time that the federal government's investigation was becoming active and, based on information and belief, the U.S. Attorney's Office was actively putting witnesses into the grand jury to testify." (ECF 122, ¶ 251 (emphasis added).) Ruskowski further alleges this first use

11

was improper because "[Plaintiffs] <u>filed this frivolous and outrageous lawsuit</u> against a key witness during the height of an active criminal investigation." (ECF 122, ¶ 254 (emphasis added).)

Second: Rusckowski alleges improper use of a legal proceeding because "[Plaintiffs] admit that they <u>filed this lawsuit</u> in order to air their grievances against the non-party Denver Archdiocese." (ECF 122, ¶ 255 (emphasis added).)

Third: Rusckowski alleges improper use of a legal proceeding because "[Plaintiffs] immediately <u>disseminated the lawsuit</u> to Archbishop Aquila, the Catholic News Agency, and to Ms. O'Hara-Rusckowski's contacts who are also witnesses to their criminal misconduct." (ECF 122, ¶ 256 (emphasis added).) Rusckowski further alleges that this third use was improper because "[Plaintiffs] have widely <u>disseminated communications about and copies of the lawsuit</u> to other people involved with the Lowell Home project—many of whom are also likely witnesses in the federal government investigation—and other people in Ms. O'Hara-Rusckowski's Catholic faith-based and charitable networks." (ECF 122, ¶ 257 (emphasis added).)

Thus, in terms of a purportedly "willful <u>action</u>" by Plaintiffs amounting to improper use of a judicial process, which is the pertinent inquiry in analyzing the second element of an abuse of process claim, *Purzel Video GmbH*, 11 F. Supp. 3d at 1027 (emphasis added), Rusckowski alleges three such actions: (i) Plaintiffs "filed the lawsuit" (ECF 122, ¶ 251 (in context of a federal criminal investigation)); (ii) Plaintiffs "filed this lawsuit" (ECF 122, ¶ 255 (to purportedly "air their grievances" against the Archdiocese)); and (iii) Plaintiffs "disseminated the lawsuit" (ECF 122, ¶ 256.) None of these alleged improper uses are actionable for an abuse of process claim, as none establish or even suggest either that: (1) "viewed objectively," Plaintiffs actively and willfully departed from the regular course of their lawsuit's prosecution, *Parks*, ¶ 19; *Walker*, 148 P.3d at

12

394; *James H. Moore & Associates*, 892 P.2d at 373; or (2) Plaintiffs used the lawsuit in a coercive attempt to pressure or obtain collateral results outside the proceeding with no legitimate correlation to their causes of action. *Hertz*, 576 F.3d at 1118; *Tara Woods*, 731 F. Supp. at 1103; *Parks*, ¶ 15; *Active Release*, ¶ 9.

Initially: the mere filing of a lawsuit does not and cannot amount to an abuse of process, irrespective of a litigant's alleged motive. *Parks*, ¶ 19 ("[B]ringing a [lawsuit] and carrying it to its natural end to obtain a result such an action is designed to achieve doesn't constitute an improper use of process, no matter the motive."). Rather, a litigant's motive for filing and prosecuting a lawsuit is legally irrelevant to the determination of whether, "viewed objectively," there was the requisite "improper use of a legal proceeding or process that is unrelated to, or outside the scope of, the action filed." *Walker*, 148 P.3d at 394; *Active Release*, ¶ 9 (emphasis added). Rusckowski's first two allegations of improper use that (1) Plaintiffs "filed the lawsuit" during a federal criminal investigation and (2) Plaintiffs "filed this lawsuit" to purportedly "air their grievances" against the Archdiocese are both premised on Rusckowski's subjective assessment of Plaintiffs' allegedly improper motive. These allegations fail as a matter of law for this reason alone.

Further, Rusckowski has not and cannot plausibly allege that Plaintiffs have departed from proper court procedure in prosecuting this lawsuit. Plaintiffs have at all times prosecuted their lawsuit in compliance with proper court procedure and in furtherance of their causes of action, defeating an abuse of process claim as a matter of law. *James H. Moore & Associates*, 892 P.2d at 373 ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the

13

action or if he knowingly brought suit upon an unfounded claim."). Rusckowski's first two allegations of improper use fail for this additional reason.

Rusckowski's third allegation of improper use also fails. Rusckowski merely alleges that Plaintiffs "disseminated the lawsuit" to various stakeholders in the faith-based and charitable communities. But "dissemination" of a lawsuit (which, simply stated, by Rusckowski's allegations, equates to telling others about the lawsuit and forwarding public court filings) is not a departure from the regular course of a lawsuit's prosecution. Rusckowski has not and cannot cite any law, procedural rule, or court rule which requires Plaintiffs to keep secret a public lawsuit and its public court filings. The third allegation of improper use fails for this reason alone.

Rusckowski also has not and cannot plausibly allege that by "disseminating" the lawsuit to stakeholders in the faith-based and charitable communities, Plaintiffs used the lawsuit in a coercive attempt to pressure or obtain collateral results outside the proceeding with no legitimate correlation to their causes of action. There are no allegations of any definitive act by Plaintiffs even approaching "a form of extortion" through which Plaintiffs used their lawsuit in a coercive attempt "to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Hertz,* 576 F.3d at 1118 (quotations omitted). There also no allegations of a "a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Parks*, ¶ 13 (quotations omitted).

There is instead only an allegation that Plaintiffs have told stakeholders in the faith-based and charitable communities, to whom Rusckowski had spread false and defamatory statements tarnishing Plaintiffs, about this lawsuit and that Plaintiffs forwarded public court filings from this

14

lawsuit to these stakeholders. This does not amount to a coercive attempt to pressure or obtain "collateral results" which have no legitimate correlation to the lawsuit's causes of action. *Tara Woods*, 731 F. Supp. 2d at 1122. It instead comports with the very purpose of Plaintiffs' claims: to prove the falsity of Rusckowski's defamatory statements in court as a public forum and to remedy the harm which those statements have caused Plaintiffs, including the denigration of their public standing in the faith-based and charitable communities. Rusckowski's third allegation of improper use fails for this further reason.

Accordingly, Rusckowski has failed to allege either an actionable ulterior purpose or an actionable improper use of a judicial process by Plaintiffs. Rusckowski has therefore failed to state a viable abuse of process claim as a matter of law. *Purzel*, 11 F. Supp. 3d at 1027. This failure is not a technical pleading failure. It is a legally deficient claim, warranting dismissal with prejudice. *Hertz,* 576 F.3d at 1118 (affirming where "[t]he district court held that [the plaintiff] failed to allege improper use of process and, therefore, did not satisfy the requirements to allege an abuse of process claim. Based on this determination, the district court concluded that amendment of the complaint would be futile.").

## **CONCLUSION**

This Court should dismiss Rusckowski's abuse of process counterclaim with prejudice.

Respectfully submitted this 18th day of September, 2025.

By: *M. Caleb Meyer*
M. Caleb Meyer, Esq.
Adam M. Royval. Esq.

15

Gregory S. Carter, Esq.
**MESSNER REEVES LLP**
1550 Wewatta Street, Suite 710
Denver, CO 80202
Telephone: (303) 623-1800

William R. Thomas, Esq.
Tyler Garrett Repondek, Esq.
**O'HAGAN MEYER, PLLC**
1331 17th Street, Suite 350
Denver, CO 80202-5862
Telephone: (303) 652-588

*Attorneys for Plaintiffs-Counterclaim Defendants Avodah Farms and Keenan Fitzpatrick*

16

## CERTIFICATE OF SERVICE

I hereby certify that on this September 18, 2025, a true and correct copy of the foregoing **PLAINTIFFS'-COUNTERCLAIM DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was electronically filed via CM/ECF upon all counsel of record.

/s/ *Tracey Zastrow*
Tracey Zastrow

*This document was filed electronically pursuant to C.R.C.P. 121 § 1-26. Duly signed original on file at the offices of Messner Reeves LLP.*

17